IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

CHARLES BRYANT,             §
          PLAINTIFF,        §
                            §
VS.                         §        CIVIL ACTION NO. 6:17 CV 109 RWS /
                            §                         KNM
LORIE DAVIS,                §
EXECUTIVE DIRECTOR OF       §
THE TEXAS DEPARTMENT OF     §
CRIMINAL JUSTICE-C.I.D.     §
                            §

PLAINTIFF'S ORIGINAL COMPLAINT &
APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff files this Original Complaint and asks the Court grant him injunctive relief. In support of this complaint Plaintiff would respectfully the Court as follows:

1.    **Parties**

1.1   Plaintiff, Charles Bryant, is an inmate (TDCJ # 1184590) confined in the H.H. Coffield Unit of the Texas Department of Criminal Justice located at 2661 F.M. 2054, Tennessee Colony, County of Anderson, Texas 75880.

1.2   On information and belief, Lorie Davis is the director of the Texas Department of Criminal Justice, and her office address is 209 West 14 street., 5th floor, Austin, Texas 78701.

2.    **Jurisdiction & Venue**

2.1   This Court has jurisdiction over the subject matter of of this action under 42 U.S.C. §2000cc-2(a) and 28 U.S.C. §1331

because  this  case  is  based  on  the  Religious  Land  Use  and  Instit-
utionalized  Persons  Act,  which  is  codified  in  the  United  States
Code  at  42  U.S.C.  §2000cc,  et  seq.  (RLUIPA).

2.3   Venue  is  proper  in  the  Eastern  District  of  Texas  in  that
plaintiff  is  in  custody  and  being  held  by  the  Texas  Department
of  Criminal  Jsutice  (TDCJ)  within  the  Eastern  District  of  Texas,
the  complained  actions  of  TDCJ  occurred  and  are  occurring  in
the  Eastern  District  of  Texas,  and  the  challenged  TDCJ  policies
of  which  plaintiff  complains  are  enforced  in  the  Eastern  District
of  Texas.

## 3.    Factual Background

3.1   Plaintiff,  Charles  Bryant,  is  a Hindu  inmate,  confined
in  the  H.H.  Coffield  Unit  of  the  Texas  Department of Criminal
Justice.

3.2   Plaintiff  has  a  sincere  religious  belief  that  his  faith,
Hinduism,  requires  him  to  wear  a "Choti."  (A  "Choti"  is   a
braid  of  long  hair  on  the  top  of  the  head.  The  end  of  which
tied  into  a  simple  knot.  The  "Choti"  is  a religious  symbol
of  the  restraint  of  Plaintiff's  ideals  and  principles.  It  is
worn  to  help  generate  noble  thoughts  within  the  mind  of  the
of  the  adherent.)  Defendant's  grooming  policy  prohibits   him
from  wearing  a "Choti."  Defendant  enforces  her grooming  policy
against  plaintiff,  and  thus  imposes  a  substantial  burden  on
plaintiff  prohibiting  him  from  practicing  his  religion,  Hinduism.

3.3   Defendant  has  exhausted  his  administrative  remedies.

**4.   Count one:   Defendant's  grooming policy  violates RLUIPA.**

4.1    Plaintiff  incorporates  by  this  reference  the foregoing paragraphs of his complaint as if fully set forth herein.

4.2    Defendant's  enforcement  of  her  grooming  policy against plaintiff  violates  RLUIPA.    In  particular,  defendant's  grooming  policy  requires  plaintiff  to wear  his  hair  in a perscribed manner  and  forbits  what  TDCJ  claims is an "Extreme Haircut."

4.3    Plaintiff  has  a  sincerely  held religious belief that in order  to  practice  his  religion,  Hinduism,  he must wear a Choti. Defendant's  grooming  policy,  and  enforcement of her the grooming policy,  prohibits  plaintiff  from  wearing  his  Choti,  and  thereby burdens  plaintiff's  exercise  of  his  sincerely held religious belief by prohibiting him  from practicing Hinduism.

4.4    Defendant  does  not  have  a  compelling  state interest in maintaining  her  grooming  policy.   Further Defendant's grooming policy  violates  RLUIPA  and plaintiff is entitled to injunctive relief prohibiting the enforcement of Defendant's grooming policy against plaintiff, attorney fees if any and costs.

**5.    Exhaustion of administrative remedies.**

5.1    Plaintiff has exhausted his administrative remedies, Plaintiff  has  attached  his  grievances  to  this original complaint and incorporates them for all purposes by this reference.

**6.    Injunctive Relief**

6.1    Plaintiff  seeks  an  injunction  preventing Defendant from enforceing TDCJ's grooming policy in violation of RLUIPA.

## 7.    Attorney Fees & Costs

7.1    Should this Court appoint an attorney to assist in the preparation, discovery and trial of this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988; Fed.R.Civ.P. 54(d).

## 8.    Prayer

8.1    For these reasons, plaintiff asks for judgment against defendant for the following:

   8.2    Find that defendant's grooming policy violates RLUIPA as enforced against Plaintiff Charles Bryant.

   8.3    Order injunctive relief to prohibit defendant from enforcing her grooming policy against plaintiff Charles Bryant.

   8.4    Order reasonable attorneys fees.

   8.5    costs of suit

   8.6    All other relief the court deems appropriate.

Respectfully submitted,

X C. Bryant
Charles Bryant
Plaintiff-pro se
TDCJ#: 1184590
H.H. Coffield Unit
2661 F.M. 2054
Tennessee Colony,Tx 75884

## 9.    Certificate of Mailing

   I, Charles Bryant,certify that "plaintiff's original complaint and application for injudctive relief" was mailed to the clerk of the court by depositing it within the institutional mail system on this 17 day of Feburary 2017.

X C. Bryant
Charles Bryant

# Texas Department of Criminal Justice

# STEP 1

## OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2017034620 |
| Date Received: | 11/2/16 |
| Date Due: | 12/12/16 |
| Grievance Code: | (V) |
| Investigator ID #: | PDDm |
| Extension Date: | |
| Date Retd to Offender: | DEC 0 2 2016 |

Offender Name: __Charles Bryant__    TDCJ # __1184590__

Unit: __Coffield__    Housing Assignment: __P6-1C-05__

Unit where incident occurred: __Coffield__

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __Henderson Chaplain  Via I60 returned__ When? __10-28-16__

What was their response? __he questioned which faith group practices observance__

What action was taken? __Pending__

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Chaplain Henderson violated rules of The Religious Land use and Institutionalized Person Act (RLUIPA) Codified as 42 section 2000. Delay tactics and the asking of religious affiliation are a direct violation of the (RLUIPA). I am being delayed in response to my I60 (offical request) to wear my hair in a religious style of a Choti. I state that the right that I am seeking is based upon "a sincerely held religious belief." I do not need to claim an affiliation with any specific religion. The reason that no specific affiliation is required is because, "any exercise of religion - whether or not compelled by that faith is covered by (RLUIPA) 42 Usc Section 2000 cc 5 (7)." Our religious rights are anchored in the First Amendment of the U.S. Constitution which guarantees both our right to freedom of speech and to practice the faith of our choice. The Fourteenth Amendment guarantees equal treatment and supports our rights. The Religious Land Use and Institutionalized Persons Act addresses and specifically sets forth my religious rights as an inmate.

A Choti is a braid of long hair on top of the head. The end of the hair is tied in a simple knot. The Choti is a religious symbolic of the restraint of our ideals and principles. It is supposed to help generate noble thoughts within the mind. NOV 02 2016

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Action Requested to resolve your Complaint.

To have the freedom in exercising my sincerely held religious belief by wearing my hair in a religious style of a choti without further delay.

Offender Signature: C. Bryant          NOV 0 2 2016          Date: 10·31·16

Grievance Response:

The Chaplain states that religious hair braids are not permitted. No further action is warranted.

Signature Authority: P Cooper          P Cooper          Date: 12-1-16

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 2 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

OFFICE USE ONLY

Initial Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

2nd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

3rd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F



**Texas Department of Criminal Justice**

# STEP 2          OFFENDER
GRIEVANCE FORM

Offender Name: _Charles Bryant_          TDCJ # _1184590_

Unit: _Coffield_          Housing Assignment: _P6 1C5_

Unit where incident occurred: _Coffield_

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Grievance #:</td><td>2017034620</td></tr>
<tr><td>UGI Recd Date:</td><td>DEC 12 2016</td></tr>
<tr><td>HQ Recd Date:</td><td>DEC 16 2016</td></tr>
<tr><td>Date Due:</td><td>1-21</td></tr>
<tr><td>Grievance Code:</td><td>102</td></tr>
<tr><td>Investigator ID#:</td><td>2069</td></tr>
<tr><td>Extension Date:</td><td></td></tr>
</table>

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**     *I am dissatisfied with the response at Step 1 because...*

the issue is not resolved at the Step 1 level.
By filing this Step 2, I now exhausted all available remedies.

I-128 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

**Offender Signature:** _C. Bryant_                    **Date:** _12·10·16_

**Grievance Response:**

An investigation has been conducted into your complaint.  You have offered no additional facts that would change the response at Step 1.  You may contact your unit Chaplain to fill out an HQ-150 Religious needs Assessment form, for your requests..  No further action from this office is warranted.

MICHAEL RUTLEDGE
ASST. DIR. OF CHAPLAINCY OPERATIONS

**Signature Authority:** _V. L. Dunn_                    **Date:** _12-27-16_

**Returned because:**    *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened     ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened     ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened     ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**I-128 Back** (Revised 11-2010)                    Appendix G

CHARLES BRYANT
1184590-COFFIELD UNIT
2661 F.M. 2054
TENNESSEE COLONY,TX 75884

February 15, 2017

Clerk:
United States  District Court
Eastern District of Texas
Tyler Division
211 W. Fergurson
Tyler Texas 75702

RE: Initial filing.

Dear Clerk:

Greetings,  enclosed please find two copies of my"Original Compl-
aint  &  Application  for  Injunctive  Relief."   Please file and
and bring to the attention of the Court.

Thank you in advance for your assistance.


Respectfully,

Charles Bryant

CHARLES BK
#1184590-C
2661 F.M.
TENNESSEE COLONY,TX 75884





CLERK-US DISTRICT COURT
EASTERN DISTRICT-TYLER DIV.
211 WEST FERGUSON ST RM.106
TYLER, TEXAS 75702

1X49   1X 1.00  1X 21